UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OLIVE V. YUCKA,

                Plaintiff,

    v.

UNITED STATES OF AMERICA,

                Defendant.

CASE NO. C13-5000 BHS

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SANCTIONS

This matter comes before the Court on Plaintiff Olive V. Yucka's ("Yucka") motion for partial summary judgment and sanctions (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

On January 2, 2013, Yucka filed a complaint pursuant to the Federal Tort Claims Act (FTCA) against Defendant United States of America ("Government") alleging tortuous conduct and injuries arising out of substandard medical care during and after gastric bypass surgery performed at Madigan Army Medical Center. *See* Dkt. 1.

ORDER - 1

1     The Court has granted multiple stipulated motions for extension of the scheduling

2  deadlines in this case.  *See, e.g.*, Dkts. 17, 19 and 22. Recently, the Court granted an

3  agreed motion to extend expert witness disclosures and reports until October 17, 2014,

4  the completion of discovery until November 17, 2014, and trial until February 17, 2014.

5  Dkt. 38.

6     Dr. Gregg Nischi has been retained in this case as Yucka's expert witness and has

7  submitted an expert report to the Government.  This report was reviewed by Col.

8  Matthew Martin, M.D. ("Dr. Martin"), who Yucka alleges was "the supervising staff

9  surgeon responsible for overseeing Ms. Yucka's surgery and aftercare." Dkt. 24 at 3.

10  The Government does not dispute that Dr. Martin was the attending physician who

11  performed the surgery.  Dkt. 31 at 1.  It is also undisputed that Dr. Martin wrote a letter

12  dated March 29, 2014, using Army letterhead, criticizing[1] Dr. Nishi's expert report.  *See*

13  Dkt. 25-22.  The letter was addressed to a private practice colleague of Dr. Nishi's,

14  Theodore M. Khalili, MD, the founder and director of the Khalili Center for Bariatric

15  Surgery, who it appears Dr. Martin thought was Dr. Nishi's employer or supervisor.  *See*

16  Dkt. 25-22 at 2.  Dr. Nishi was copied on the letter.  *Id*. at 5.  Dr. Martin also sent the

17  letter to Dr. Bruce Gewertz at Cedars-Sinai, where Dr. Nishi did both his general surgery

18  residency and surgical critical care fellowship. Dkt. 24 at 8 (*citing* Declaration of Anne

19  Deutscher, Plaintiff's Counsel, Ex, W).

20

21

22     [1] The parties characterize the letter differently and its impact is disputed.  However, the parties appear to agree that the letter is at the very least "critical" of Dr. Nishi's report.

1    After receipt of the letter, according to Yucka's counsel, Dr. Nishi retained private

2  counsel in part because he deems Dr. Martin's letter to contain threats at least to his

3  reputation and livelihood.  *See* Dkt. 25 at 4-7.

4    When Dr. Martin sent this letter, it was apparently unknown to anyone in his chain

5  of command at the Army or counsel for the Government. Yucka does not contradict that

6  Dr. Martin's Battalion Commander, Monica Douglas ("Lt. Col. Douglas"), found Dr.

7  Martin's letter to be "unauthorized."  Dkt. 32 at 1 (Douglas Decl.).  It is undisputed that

8  the Government did not condone at least some or all of Dr. Martin's conduct with respect

9  to the letter. *See* Dkt. 36 at 2.   In fact, after learning of the letter, Lt. Col. Douglas issued

10  Dr. Martin six no-contact orders, prohibiting him from contacting the following persons:

11  "Theodore Khalili and Dr. Bruce Gewertz, as well as their families and professional

12  associates."  *Id*., Ex. A.  The Army further prohibited Dr. Martin from contacting

13  "representatives of  Cedars-Sinai Health System, the American College of Surgeons, or

14  the American Society for Metabolic and Bariatric Surgery, absent prior approval by

15  Madigan's Deputy Commander for Clinical Services."  *Id*., Ex. B.  In addition to the no-

16  contact orders, Dr. Martin received a memorandum of reprimand from the Commanding

17  General, I Corps, Joint Base Lewis-McChord.  Dkt. 32 at 2 (Douglas Decl.).  In her

18  declaration, Lt. Col. Douglas states:

19    I fully supported the Commanding General's reprimand because COL
     Martin's conduct is detrimental to the reputation of Madigan Army Medical
20    Center and the U.S. Army Medical Command and may jeopardize the U.S.
     Army 's ability to defend itself in this matter.

21
    *Id*.

22

1      On May 22, 2014, Yucka filed the instant motion for partial summary judgment on

2   liability and sanctions based on Dr. Martin's March 2014 letter.  Dkt. 24.  On June 9,

3   2014, the Government responded in opposition to Yucka's motion.  Dkt. 31. On June 10,

4   2014, Yucka replied. Dkt. 36.

5                                    **II. DISCUSSION**

6      As a result of Dr. Martin's letter and its alleged impact in part on Dr. Nishi's

7   potential willingness to testify, as well as on Dr. Nishi himself, Yucka proposes the

8   following sanctions as appropriate:

9          (1) Dr. Gregg Nishi's testimony would be accepted without
       contradiction from  any expert and/or healthcare provider employed by
10       Defendant;
           (2) Col. Matthew Martin, M.D. would be strictly prohibited by Court
11       Order from fulfilling any threats made against Dr. Nishi or to pursue any
       action that may damage the professional reputation of Dr. Nishi;
12           (3) Any costs and attorneys' fees Dr. Nishi  has incurred as a result
       of Col. Martin, M.D.'s letter will be paid in full by Defendant; and
13           (4) Any costs and attorneys' fees incurred by Plaintiffs counsel as a
       result of bringing this motion.
14
    Dkt. 24 at 1.
15
       On the present record, the Court is unprepared to impose the sanctions sought by
16
    Yucka. As the parties acknowledge, Dr. Martin is not a party to this case; instead, he is a
17
    witness. There is no evidence that the Government or its counsel condoned Dr. Martin's
18
    conduct, or that he was acting within the scope of his employment or as an agent of the
19
    Army.  In fact, the current record appears to indicate the opposite.  Further, Yucka has
20
    not cited any authority, based on the facts now in the record, which would allow the
21
    Court to issue sanctions for a witness's conduct.
22

ORDER - 4

1    The Court is also not satisfied that the record demonstrates that Dr. Nishi will not

2  serve as an expert witness in Yucka's case.  Yucka's counsel indicates only that Dr. Nishi

3  is reluctant to testify but has made no decision regarding his willingness to do so.  *See*

4  Dkt. 25 at 4.  Further, as all experts are aware, their testimony and reports in a public trial

5  may be subject to public or professional comment or scrutiny in one form or another,

6  which itself may or may not be actionable.   Even assuming, without deciding, that Dr.

7  Martin's letter was inappropriate in whole or in part, the letter should not have any

8  chilling effect on Dr. Nishi's testimony, particularly in light of the discipline and

9  warnings the Army has already issued to Dr. Martin regarding his letter.

10    Additionally, although it is undisputed that Yucka's counsel has been searching

11  for a new expert and has yet to locate one, expert disclosures were extended to October

12  17, 2014.  *See supra*.  This extension should permit Yucka time to search and find at least

13  one bariatric expert, out of the apparent pool of "2,000"[2] in the United States, who is

14  willing to testify in this case. Dkt. 24 at 7.  If Dr. Martin's care fell below the standard of

15  care, then the Court must conclude that Yucka will be able to timely identify and retain

16  an expert who will support that position.

17                    **III. ORDER**

18    It is hereby **ORDERED** that Yucka's motion (Dkt. 24) is **DENIED without**

19  **prejudice**, and may be renewed.  Upon renewal, the motion will likely require a full

20  evidentiary hearing or showing regarding at least the propriety of the various contents of

21

22         [2] This figure is cited in Yucka's pleadings on the instant motion but is not supported by any declaration or affidavit.

1  the letter, whether Dr. Martin was acting within the scope of his employment or as an

2  agent of the Government in sending the March 2014 letter, what, if any, actual prejudice

3  Yucka's case has sustained as a result of the letter, and whether or not the letter's impact

4  is irremediable such that partial summary judgment on liability must be granted.

5      Dated this 9th day of July, 2014.

6

7                                    _____

8                                    BENJAMIN H. SETTLE
                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22